Duval & Stachenfeld LLP
Attorneys for Defendant
Deutsche Bank Securities Inc.
By:  Allan N. Taffet, Esq. (AT-5181)
     Nicholas Brunero, Esq. (NB-1107)
300 East 42nd Street
New York, New York 10017
Tel. No.:  (212) 883-1700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
XETHANOL CORPORATION,                                        :
                                                             :
                                    Plaintiff,               :
                                                             :  07 Civ. 11161 (AKH)
            -against-                                        :
                                                             :
                                                             :
DEUTSCHE BANK SECURITIES INC.,                               :
                                                             :
                                    Defendant.               :
                                                             :
------------------------------------------------------------ x

**DEFENDANT DEUTSCHE BANK SECURITIES INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

**Duval & Stachenfeld LLP**
300 East 42nd Street, Third Floor
New York, New York 10017
(212) 883-1700

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................ii-iii

PRELIMINARY STATEMENT............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 4

   THE COMPLAINT FAILS TO STATE A CLAIM FOR
   A VIOLATION OF SECTION 12(a)(1) OF THE SECURITIES ACT ............................... 4

      A.  THE APPLICABLE LEGAL STANDARD FOR A
          MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) .............................................. 4

      B.  DEUTSCHE BANK IS NOT IN PRIVITY WITH
          AND DID NOT SELL A SECURITY TO XETHANOL ...................................................... 5

      C.  DEUTSCHE BANK DID NOT SOLICIT XETHANOL ....................................................... 7

CONCLUSION ........................................................................................................................... 9

# **TABLE OF AUTHORITIES**

## **CASES**

Allaire Corp. v. Okumus
        433 F.3d 248 (2d Cir. 2006) .................................................................. 4

Bell Atlantic Corp. v. Twombly
        127 S. Ct. 1955 (2007) .................................................................... 4, 5

Capri v. Murphy
        856 F.2d 473 (2d Cir. 1988) .................................................................. 8

Cortec Indus. v. Sum Holding, L.P.
        949 F.2d 42 (2d Cir. 1991) ................................................................. 6, 7

Demaria v. Anderson
        153 F. Supp. 2d 300 (S.D.N.Y. 2001) ........................................................ 6

Ellison v. American Image Motor Co., Inc.
        36 F. Supp. 2d 628 (S.D.N.Y. 1999) ......................................................... 8

Grandon v. Merrill Lynch & Co.
        147 F.3d 184 (2d Cir. 1998) .................................................................. 4

In re Laser Arms Corp. Securities Litig.
        794 F. Supp. 475 (S.D.N.Y. 1989) ......................................................... 6, 7

Iqbal v. Hasty
        490 F.3d 143 (2d Cir. 2007) .................................................................. 5

Law Offices of Curtis V. Trinko, L.L.P. v. Bell Atlantic Corp.
        309 F.3d 71 (2d Cir. 2002) .................................................................... 4

Pampano-Windy City Partners, Ltd. v. Bear Stearns & Co., Inc.
        794 F. Supp. 1265 (S.D.N.Y. 1992) .................................................... 6, 7, 9

Pinter v. Dahl
        486 U.S. 622, 108 S. Ct. 2063 (1988) ...................................................... 8

Shain v. Duff & Phelps Credit Rating Co.
        915 F. Supp. 575 (S.D.N.Y. 1996) ........................................................ 8, 9

Wilson v. Saintine Exploration and Drilling Corp.
        872 F.2d 1124 (2d Cir. 1989) ................................................................ 6

**STATUTES**

15 U.S.C.A. § 77l(a)(1) ................................................................................................. 5

15 U.S.C.A. § 77(e)(a) ............................................................................................ 5, n. 2

15 U.S.C.A. § 77(e)(c) ............................................................................................ 5, n. 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
: 
XETHANOL CORPORATION, :
:
                 Plaintiff, :
: 07 Civ. 11161 (AKH)
  -against- :
:
:
DEUTSCHE BANK SECURITIES INC., :
:
                 Defendant. :
:
------------------------------------------------------------- x

## DEFENDANT DEUTSCHE BANK SECURITIES INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Deutsche Bank Securities Inc. ("Deutsche Bank") respectfully submits this memorandum of law in support of its motion to dismiss plaintiff Xethanol Corporation's ("plaintiff" or "Xethanol") complaint (the "Complaint") for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Xethanol seeks monetary damages arising from Deutsche Bank's alleged sale of unregistered securities in violation of the federal securities laws -- yet the Complaint fails to allege that Xethanol purchased securities from Deutsche Bank, or that Deutsche Bank solicited Xethanol to purchase securities. Consequently, Xethanol has no grounds on which to maintain its only legal claim against Deutsche Bank, under Section 12(a)(1) of the Securities Act of 1933 (the "Securities Act").

Section 12(a)(1) of the Securities Act imposes liability upon a person that sells or offers to sell an unregistered security (without an applicable exemption). Well established case law provides that a plaintiff buyer may only recover if it <u>directly</u> purchased the security from the seller/defendant, or if the defendant <u>directly</u> or <u>personally</u> solicited the plaintiff.

Here, the Complaint makes clear that Xethanol had no contact with Deutsche Bank. There was no sale transaction between Deutsche Bank and Xethanol, and no communications between Deutsche Bank and Xethanol. Instead, the Complaint alleges only that Northeast Securities, Inc. -- which is not a party in this action -- interacted with Deutsche Bank concerning the securities at issue, and purchased those securities.

Because Xethanol fails to plead any direct sale or solicitation activity by Deutsche Bank, its Complaint seeking relief under Section 12(a)(1) of the Securities Act should be dismissed with prejudice.

## STATEMENT OF FACTS

According to the Complaint, Deutsche Bank offered for sale in a private placement certain auction rate securities that were not registered with the Securities and Exchange Commission.[1] See Complaint at ¶¶ 4, 13. Auction rate securities are debt instruments with long term maturities for which the interest rate is periodically reset, normally via a "Dutch" auction. Id. at ¶ 2.

In connection with the sale of these securities, Deutsche Bank prepared Private Placement Memoranda. Id. at ¶ 14. Xethanol alleges that it "was never provided a copy of

---

[1] For purposes of this motion only, Deutsche Bank assumes the facts alleged in the complaint as true in accordance with the applicable legal standards for a Rule 12(b)(6) motion to dismiss.

2

either [Private Placement Memorandum] prior to acquiring its positions in the [auction rate securities]." Id. at ¶ 20.

On June 4, 2007, Xethanol acquired a $6,800,000.00 position in an auction rate security known as "PIVOT-1." Id. at ¶ 18. Xethanol did not purchase this security directly from Deutsche Bank; rather, it purchased this security "through its broker, Northeast Securities, Inc. ("Northeast")." Id. On June 13, 2007, again "acting through Northeast," Xethanol acquired a $6,500,000.00 position in a second auction rate security, known as "CAMBER-8." Id. at ¶ 19. The Complaint does not allege that Xethanol ever directly purchased any securities from Deutsche Bank.

On or about August 2007, Deutsche Bank allegedly notified Northeast -- not Xethanol -- that an auction had failed. Id. at ¶ 26. The Complaint further alleges that there was "a follow-up telephone conversation with [Deutsche Bank]'s Auction Rate Securities Desk, on August 28, 2007" where representatives of Deutsche Bank "told Northeast that starting on August 13, 2007, [Deutsche Bank] had declared all of the Pivot-1 and Camber-8 auction rate securities 'failed auctions' and suggested that liquidity might only be available at discounted prices." Id. at ¶ 27. As a result of these failed auctions, Xethanol alleges that it was forced to liquidate the securities at a loss.

The Complaint does not allege that Deutsche Bank ever communicated with Xethanol, ever provided Xethanol with any information or documents, or ever solicited Xethanol to purchase the auction rate securities.

Although communications and transactions with respect to the auction rate securities occurred solely between Deutsche Bank and Northeast, Xethanol has asserted a claim against Deutsche Bank alleging a violation of Section 12(a)(1) of the Securities Act. Xethanol

3

alleges that the auction rate securities were not registered with the Securities and Exchange Commission and that there was no valid exemption that permitted their offer and sale without registration. Id. at ¶¶ 33, 34. Xethanol alleges that the offer and sale of the unregistered auction rate securities violated Section 5 of the Securities Act, and thus pursuant to Section 12 of the Securities Act Deutsche Bank is liable for Xethanol's alleged damages in connection with Xethanol's sales of its positions in the auction rate securities at less than par value. Id. at ¶¶ 35-37.

## ARGUMENT

## THE COMPLAINT FAILS TO STATE A CLAIM FOR A VIOLATION OF SECTION 12(a)(1) OF THE SECURITIES ACT

### A. The Applicable Legal Standard For A Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6)

On a motion to dismiss, the court must accept the material facts alleged in the complaint as true, and construe all reasonable inferences in plaintiff's favor. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). Even though a plaintiff's allegations are taken as true, the claim may still fail as a matter of law if the claim is not legally feasible. Allaire Corp. v. Okumus, 433 F.3d 248, 250 (2d Cir. 2006). Additionally, "bald assertions and conclusions of law will not suffice." Law Offices of Curtis V. Trinko, L.L.P. v. Bell Atlantic Corp., 309 F.3d 71, 74 (2d Cir. 2002) (internal quotations omitted).

Last term, the United States Supreme Court held that "[a] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-5 (2007) (internal quotations omitted). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative

level on the assumption that all the allegations in the complaint are true." Id. Accordingly, to survive a Rule 12 motion to dismiss, a plaintiff must pass the "plausibility standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 155 (2d Cir. 2007).

**B.     Deutsche Bank Is Not In Privity With And Did Not Sell A Security To Xethanol**

Xethanol's Complaint fails to allege that Deutsche Bank directly sold a security to Xethanol, and thus fails to meet the pleading requirements of Section 12(a)(1). As a result, Xethanol's Complaint should be dismissed with prejudice.

Section 12(a)(1) of the Securities Act provides, in relevant part, that "[a]ny person who offers or sells a security in violation of section 77e of this title [Section 5 of the Securities Act] shall be liable . . . to the person purchasing such security from him." 15 U.S.C.A. § 77l(a)(1).[2] Section 12 is designed "to impose civil liability on those who sell or offer securities by means of disclosure documents containing untrue statements or misleading omissions, and on those who sell or offer securities without complying with

---

[2] Section 5(a) provides that "[u]nless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly -- (1) to make use of any means or instruments or transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or (2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale." 15 U.S.C.A. § 77(e)(a). Section 5(c) provides, in pertinent part, that "[i]t shall be unlawful for any person, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security." 15 U.S.C.A. §77(e)(c).

5

applicable statutory registration and prospectus requirements." <u>Pampano-Windy City Partners, Ltd. v. Bear Stearns & Co., Inc.</u>, 794 F. Supp. 1265, 1284 (S.D.N.Y. 1992).

In order to state a claim under Section 12(a)(1), a plaintiff must plead: "(1) the sale or offer to sell securities by the defendant; (2) the absence of a registration statement; and (3) the use of the mails or the facilities of interstate commerce in connection with the sale or offer." <u>In re Laser Arms Corp. Securities Litig.</u>, 794 F. Supp. 475, 481 (S.D.N.Y. 1989).

As an initial matter, the complaint must be dismissed because it fails to meet the basic pleading requirement of alleging use of the mails or the facilities of interstate commerce in connection with any alleged sale or offer to sell a security. This pleading deficiency alone warrants dismissal of the complaint.

In any event, even if use of the mails had been pleaded, a plaintiff must satisfy the privity requirements of Section 12(1) in order to maintain a claim under this statute. <u>Id.</u> Federal courts have recognized that Section 12(a)(1) "contemplates a buyer-seller relationship not unlike traditional contractual privity." <u>Wilson v. Saintine Exploration and Drilling Corp.</u>, 872 F.2d 1124, 1125 (2d Cir. 1989), <u>quoting</u>, <u>Pinter v. Dahl</u>, 486 U.S. 622, 642, 108 S. Ct. 2063, 2076 (1988); <u>see</u> <u>Demaria v. Anderson</u>, 153 F. Supp. 2d 300, 307 (S.D.N.Y. 2001) (holding that although the Securities Act does not define the term "seller," the Supreme Court in <u>Pinter</u> limited liability to those sales that take place within the context of buyer-seller relationships resembling traditional contractual privity). Section 12(a)(1) "imposes liability on only the buyer's <u>immediate</u> <u>seller</u>; remote purchasers are precluded from bringing actions against remote sellers. Thus, a buyer cannot recover against his seller's seller." <u>Cortec Indus. v. Sum Holding, L.P.</u>, 949 F.2d 42, 49 (2d Cir. 1991)

6

(emphasis in original), cert. denied, 503 U.S. 960 (1992), quoting, Pinter, 486 U.S. at 643, 108 S. Ct. at 2077 n.21.

Because the Complaint does not allege that Xethanol purchased the auction rate securities from Deutsche Bank, Xethanol plainly fails to meet the privity requirement necessary to maintain a Section 12(a)(1) claim. Not only does the Complaint fail to allege a direct sale, but also it repeatedly states that the transactions at issue were only between Deutsche Bank and Northeast -- not Xethanol. Indeed, the Complaint alleges that the purchases and sales of the auction rate securities were by Xethanol "acting through Northeast." See Complaint at ¶ 19. In other words, the complaint makes clear that Deutsche Bank sold to Northeast and Northeast then sold or transferred the securities to Xethanol. Accordingly, Xethanol has not -- because it cannot -- plead the requisite privity between Deutsche Bank and Xethanol that is necessary to maintain a Section 12(a)(1) claim.

As a matter of law, therefore, Xethanol lacks standing to assert a claim under Section 12(a)(1) and the Complaint should be dismissed with prejudice. See Laser Arms, 794 F. Supp. at 482 (holding that if a direct purchase from the defendant is not alleged, the claim must be dismissed with prejudice); see Pampano-Windy City Partners, 794 F. Supp. at 1285 (holding that because plaintiffs were not purchasers of securities, they do not have standing to bring suit under Section 12).

## C.  Deutsche Bank Did Not Solicit Xethanol

Xethanol's Section 12(a)(1) claim is also fatally deficient because it fails to allege any direct or personal solicitation by Deutsche Bank.

Section 12 liability has been applied to brokers and others who solicit securities purchases on a regular basis. Cortec, 949 F.2d at 50. Such liability, however, "extends only

7

to the person who successfully solicits the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner." Pinter, 486 U.S. at 647, 108 S. Ct. at 2079.

Liability cannot be imposed upon "those who merely assist in another's solicitation efforts." Id. at 651 n.27, 108 S. Ct. at 2081. As a result, "persons are not liable under § 12 . . . unless they directly or personally solicit the buyer." Ellison v. American Image Motor Co., Inc., 36 F. Supp. 2d 628, 638 (S.D.N.Y. 1999) (internal citation omitted) (emphasis added); see Capri v. Murphy, 856 F.2d 473, 479 (2d Cir. 1988) (holding that plaintiff must show that defendants "actually solicited" plaintiffs).

The Complaint does not allege that Deutsche Bank ever directly or personally solicited Xethanol. Indeed, the Complaint does not even allege that Deutsche Bank ever communicated directly with Xethanol, or provided to Xethanol any documents or information with respect to the auction rate securities. To the contrary, the only communications that are alleged in the Complaint are between Deutsche Bank and Northeast, which is not sufficient to give rise to Section 12 liability. See Complaint at ¶¶ 26, 27; see Shain v. Duff & Phelps Credit Rating Co., 915 F. Supp. 575, 577 (S.D.N.Y. 1996) (holding that the fact that defendant provided information to two brokers who passed that information on to the plaintiff does not give rise to Section 12 liability).

To the extent Northeast solicited Xethanol, that is insufficient as a matter of law to state a claim against Deutsche Bank. Moreover, the Complaint acknowledges that "Xethanol was never provided a copy of the [Private Placement Memorandum] prior to acquiring its positions in the [auction rate securities]," which only reinforces that Deutsche Bank did not solicit Xethanol. Id. at ¶ 20. The allegation that Deutsche Bank simply prepared a Private

8

Placement Memorandum (id. at ¶ 14) is not sufficient to give rise to an inference that Deutsche Bank actively solicited Xethanol. See Pampano-Windy City Partners, 794 F. Supp. at 1284-5 (holding that defendant's participation in the preparation of an option disclosure statement was not a sufficient basis for an inference that defendants "actively solicited" plaintiffs' purported options purchase). As a result, the Private Placement Memorandum alone cannot form the basis of a Section 12 claim.

Since the Complaint does not -- and cannot -- allege any direct or personal solicitation by Deutsche Bank, Xethanol cannot maintain a Section 12(a)(1) claim against Deutsche Bank on this ground, and the Complaint should be dismissed with prejudice. See Shain, 915 F. Supp. at 577 (dismissing the Section 12 claim because plaintiff never alleged that defendant "directly solicited" him, nor alleged that defendant ever had any direct communication with the plaintiff).

## CONCLUSION

For the reasons set forth above, Deutsche Bank respectfully requests that the Complaint be dismissed with prejudice.

Dated: New York, New York
       January 25, 2008

                                        Respectfully submitted,

                                        Duval & Stachenfeld LLP

                  By:     /s/ Allan N. Taffet
                                        Allan N. Taffet, Esq. (AT-5181)
                                        Nicholas Brunero, Esq. (NB-1107)
                                        300 East 42nd Street
                                        New York, NY 10017
                                        Tel. No.: (212) 883-1700

                                        Attorneys for Defendant
                                        Deutsche Bank Securities Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2008, I caused to be served by hand, a true copy of Defendant Deutsche Bank Securities Inc.'s Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint, Notice of Motion, and the Statement Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure upon the following:

Howard S. Koh, Esq.
Meister Seelig & Fein LLP
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
Tel. No.: (212) 655-3500

_____
Nicholas Brunero