Duval & Stachenfeld LLP
Attorneys for Defendants
By:  Allan N. Taffet, Esq. (AT-5181)
     Joshua C. Klein, Esq. (JK-4558)
300 East 42nd Street
New York, New York 10017
Tel. No.: (212) 883-1700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
XETHANOL CORPORATION,

        Plaintiff,

    -against-

DEUTSCHE BANK SECURITIES INC.,
PIVOT MASTER TRUST and CAMBER
MASTER TRUST,

        Defendants.
------------------------------------------------------------ x

**ANSWER**

07 Civ. 11161 (AKH)

  Defendants Deutsche Bank Securities Inc. ("DBSI"), Pivot Master Trust ("Pivot") and Camber Master Trust ("Camber" and collectively, the "Defendants"), by their attorneys, Duval & Stachenfeld LLP, answer the Amended Complaint (the "Amended Complaint") as follows:

  1. Deny the allegations contained in paragraphs 1, 8, 17, 20, 34-38, 46-48, 50, 56, 58, 60 and 63 of the Amended Complaint.

  2. With respect to the allegations contained in paragraph 2 of the Amended Complaint, Defendants deny the allegations contained in the first and last sentence of paragraph 2 of the Amended Complaint. Admit the allegations contained in the second sentence of paragraph 2 of the Amended Complaint. With respect to the allegations

contained in the third sentence of paragraph 2 of the Amended Complaint, Defendants admit only that the Pivot-1 and Camber-8 ARS were not publicly issued securities, but rather were issued pursuant to the terms of private placement memoranda ("PPMs") and refer the Court to the PPMs for the true and correct contents and terms thereof.

3.  By Summary Order entered on July 7, 2008, the Court dismissed plaintiff Xethanol Corporation's (hereinafter, "Plaintiff" or "Xethanol") legal claims against Defendants for violation of Section 10(b) of the Exchange Act of 1934 and SEC Rule 10b-5 and common law fraud (the "Fraud Claims"). Pursuant to the Summary Order, as of July 22, 2008, the Fraud Claims were dismissed with prejudice as against the Defendants. Accordingly, Defendants are not required to serve and file a responsive pleading as to the allegations in the Amended Complaint relating to the Fraud Claims. Nevertheless, to the extent any such response is required, Defendants deny the allegations contained in paragraphs 3, 29-31 and 64-83 of the Amended Complaint.

4.  Admit the allegations contained in paragraphs 4, 12-14, 18-19, 22, 49, 51, 55 and 57 of the Amended Complaint.

5.  With respect to the allegations contained in paragraph 5 of the Amended Complaint, admit the allegations contained in the first three sentences and deny the allegations contained in the last sentence of paragraph 5 of the Amended Complaint.

6.  With respect to the allegations contained in paragraph 6 of the Amended Complaint, deny the allegations in the first sentence, and as to the remaining allegations, admit only that the Pivot-1 and Camber-8 ARS were not publicly issued securities, but rather were issued pursuant to the terms of PPMs and respectfully refer the Court to the PPMs for the true and correct contents and terms thereof.

7. With respect to the allegations contained in paragraph 7 of the Amended Complaint, admit only that the Pivot-1 and Camber-8 ARS were not publicly issued securities, but rather were issued pursuant to the terms of PPMs and respectfully refer the Court to the PPMs for the true and correct contents and terms thereof and otherwise deny the allegations contained in paragraph 7 of the Amended Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 9 of the Amended Complaint and admit the allegations contained in the second sentence of paragraph 9 of the Amended Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 10, 11, 27-28, 32-33, 39, 41-42, 44-45, 52-53 and 62 of the Amended Complaint.

10. With respect to the allegations contained in paragraphs 15-16 and 61 of the Amended Complaint, Defendants state that the allegations constitute legal characterizations to which no responses are required; to the extent responses are required, Defendants deny the allegations contained in paragraphs 15-16 and 61 of the Amended Complaint.

11. With respect to the allegations contained in paragraphs 21 and 59 of the Amended Complaint, Defendants admit only that the Pivot-1 and Camber-8 ARS were not securities registered with the Securities and Exchange Commission, but rather were issued pursuant to the terms of PPMs and respectfully refer the Court to the PPMs for the true and correct contents and terms thereof and otherwise deny the allegations contained in paragraphs 21 and 59 of the Amended Complaint.

12. With respect to the allegations contained in paragraph 23 of the Amended

Complaint, Defendants admit only that the Pivot-1 and Camber-8 ARS were issued pursuant to the terms of PPMs and respectfully refer the Court to the PPMs for the true and correct contents and terms thereof and otherwise deny the allegations contained in paragraph 23 of the Amended Complaint.

13. With respect to the allegations contained in paragraphs 24-25 of the Amended Complaint, Defendants respectfully refer the Court to the terms of the respective PPMs and the Series Pricing Supplement for the true and correct contents and terms thereof and otherwise deny the allegations contained in paragraphs 24-25 of the Amended Complaint.

14. With respect to the allegations contained in paragraph 26 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations as to whether Xethanol is a QIB and as to remaining allegations in paragraph 26 of the Amended Complaint aver that the allegations constitute legal characterizations to which no responses are required; to the extent responses are required, Defendants deny the remaining allegations contained in paragraph 26 of the Amended Complaint.

15. With respect to the allegations contained in paragraph 40 of the Amended Complaint, Defendants admit only that DBSI sold the ARS to Northeast Securities, Inc. ("Northeast Securities") pursuant to the terms of the PPMs and would not have had reason to obtain a written representation from Xethanol as to its status as a QIB or QP since Defendants were unaware that Xethanol had purchased the ARS until September 2007, when Xethanol's litigation counsel wrote to DBSI following Xethanol's sale of its ARS in September 2007.

16. With respect to the allegations contained in paragraph 43 of the Amended

Complaint, Defendants respectfully refer the Court to Xethanol's Form 10-Q for the quarter ending March 31, 2007 as referenced in paragraph 43 of the Amended Complaint for the true and correct contents thereof, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.

17. With respect to the allegations contained in paragraph 54 of the Amended Complaint, Defendants incorporate by reference their responses to each of the above paragraphs as if fully set forth herein.

### FIRST AFFIRMATIVE DEFENSE

18. Plaintiff's claims fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

19. Plaintiff has failed to name an indispensable party (Northeast Securities, Inc.) pursuant to Rule 19 of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred, in whole or in part, by laches, estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred, in whole or in part, because any claims or damages asserted by plaintiff are the result of acts or omissions of third-parties or events over whom or which defendants have no control.

## FIFTH AFFIRMATIVE DEFENSE

22.     Plaintiff's exclusive remedy, if any, is as against Northeast Securities, Inc.

WHEREFORE, Defendants respectfully requests that the Court:

A.     Dismiss the Amended Complaint with prejudice;

B.     Award Defendants their costs, disbursements and attorneys' fees; and

C.     Grant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        August 15, 2008

By: *(signature)*

DUVAL & STACHENFELD LLP

Allan N. Taffet, Esq. (AT-5181)
Joshua C. Klein, Esq. (JK-4558)
300 East 42nd Street
New York, NY 10017
Tel. No.: (212) 883-1700

Attorneys for Defendants
Deutsche Bank Securities Inc.,
Pivot Master Trust, and
Camber Master Trust